**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4545**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

QUINTON DARNEL DELANEY, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Bruce H. Hendricks, District Judge.  (9:23-cr-00609-BHH-1)

———————

Submitted:  May 21, 2026                       Decided:  June 30, 2026

———————

Before GREGORY and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Janis Richardson Hall, Greenville, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, J. Carra Henderson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton Darnel Delaney, Jr., appeals the 100-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).  On appeal, Delaney argues that the district court improperly expanded the scope of relevant conduct used to calculate his advisory Sentencing Guidelines range.  Finding no reversible error, we affirm.

Rather than evaluating the merits of a defendant's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).  In other words, we may assume that the alleged Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).  Under this inquiry,

> a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor.

*United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified).  The error will be deemed harmless if we are certain that these requirements are satisfied.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the district court expressly stated that even if had miscalculated the advisory Guideline range, it would have imposed the same sentence as an alternative variant sentence in light of the § 3553(a) factors and the totality of the circumstances.  Because the court thus "made it abundantly clear that it would have imposed the same sentence . . .

2

regardless of the advice of the Guidelines," we conclude that the first prong of the assumed error harmlessness inquiry is satisfied. *Gomez-Jimenez*, 750 F.3d at 382.

Under the second prong of this analysis, we consider whether the sentence is substantively reasonable. *Mills*, 917 F.3d at 330. In reviewing a variant sentence for substantive reasonableness, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford "deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). The ultimate inquiry is whether, considering the totality of the circumstances, the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We have reviewed the record and are satisfied that Delaney's 100-month sentence is substantively reasonable. Absent the contested enhancements, Delaney's offense level would have been 21 and his Guidelines range 51 to 71 months. The district court heard from the parties before it thoroughly discussed the 18 U.S.C. § 3553(a) factors, first noting Delaney's recidivism over the years and serious criminal history. The court balanced these facts against the circumstances of Delaney's childhood and the independence he was forced into from an early age. The court then determined that, although it would not adjust the

3

Guidelines based on defense counsel's relevant conduct arguments, it would impose a sentence at the low end of the applicable Guidelines to account for these arguments. Thus, counsel's relevant conduct arguments were considered and factored into the sentence the court chose. We therefore conclude that any error in the calculation of the Guidelines range was harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4